UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNIE B. ROSE,

                          Plaintiff,

v.                                                                     Case No. 24-cv-405-pp

CITY OF MILWAUKEE,

                          Defendant.

---

## ORDER ALLOWING PLAINTIFF TO PROCEED WITHOUT PREPAYING PARTIAL FILING FEE

---

      Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective December 1, 2023, #14). Non-prisoner plaintiffs must pay the $405 fee at the time they file their complaint.

      The plaintiff, who is incarcerated at the Milwaukee Secure Detention Facility and is representing himself, has filed a request to proceed without prepaying the filing fee, alleging that he is unable to do so. The law does not allow the court to waive the filing fee for an incarcerated person, even if he does not have enough money to pay the fee at the time of filing. An incarcerated person must pay a filing fee for every complaint he files—even if the court ends up dismissing the complaint or ruling against him. If an incarcerated person files more than one complaint, he must pay a separate filing fee for each complaint filed.

      But if the court decides that an incarcerated plaintiff is unable to prepay the filing fee, (a) the $55 administrative fee is waived and (b) the court may

allow the plaintiff to pay the $350 filing fee by paying an initial partial filing fee, followed by monthly installments, until the $350 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the incarcerated person's account or the average monthly balance in his account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. §1915(b).

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. §1915(a)(2). That statement shows that for that six-month period, the average monthly deposit in his account was **$0.00**, and the average monthly balance in the account also was **$0.00**.

Because the plaintiff has no money with which to pay an initial partial filing fee, the court will waive his requirement to pay one. The plaintiff remains responsible for paying the full $350 filing fee. He must pay that fee through monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). The law states that "the agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." Id.

The plaintiff should be aware of several things. First—the law requires the court to review, or "screen," all complaints in which incarcerated persons sue government officials. 28 U.S.C. §1915A(a). It says that the court must dismiss the complaint if the complaint is frivolous, malicious or fails to state a claim for which a federal court may grant relief. 28 U.S.C. §1915A(b).

Second—if an incarcerated person files more than three complaints which the court dismisses as frivolous or malicious, or for failure to state a complaint upon which relief can be granted, the law says that incarcerated person cannot file any more complaints without first prepaying the full filing fee (unless the prisoner is in imminent danger of serious physical injury). 28 U.S.C. §1915(g). When the court dismisses a complaint as frivolous or malicious or for failure to state a claim, it assesses a "strike" against the plaintiff. Once the court has assessed three "strikes" against a plaintiff, the court will require him to *prepay* the full filing fee for any future complaints he files.

Third—after the below deadline has passed, and if the plaintiff does not voluntarily dismiss this lawsuit, the court will analyze the complaint to determine whether it is frivolous or malicious or fails to state a claim upon which relief can be granted. If the court dismisses the complaint as frivolous or malicious or for failure to state a claim, the plaintiff still will owe the full $350 filing fee.

The court **ORDERS** that the plaintiff is not required to pay an initial partial filing fee.

The court **ORDERS** that if the plaintiff does not wish to continue with this lawsuit and avoid incurring a "strike" under §1915(g), then by the end of the day on **May 27, 2024**, he must notify the court by filing a letter with the Clerk of Court. If the plaintiff writes a letter voluntarily dismissing his case, then the court will dismiss this case without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g), **but the plaintiff still will owe the $350 filing fee**.

The court **ORDERS** that if the court does not receive a letter from the plaintiff dismissing his case by **May 27, 2024**, then the court will screen the plaintiff's complaint to determine whether it states a claim for relief. The plaintiff will be required to pay the entire $350 filing fee—even if the court immediately dismisses the complaint because it fails to state a claim upon which relief can be granted or for any other reason—and the plaintiff will risk incurring a strike.

Dated in Milwaukee, Wisconsin this 6th day of May, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**