UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNIE B. ROSE,

                      Plaintiff,

v.                                                                        Case No. 24-cv-405-pp

JOSUE AYALA
and JOSHUA HERMANN,

                      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DKT. NO. 18)**

      On July 7, 2024, the court screened plaintiff Johnnie B. Rose's amended complaint and allowed him to proceed on claims against Milwaukee Police Officers Josue Ayala and Joshua Hermann. Dkt. No. 15. On July 17, 2024, the court received a letter from the plaintiff titled "Amendment," which the plaintiff clarifies is a motion "to amend the information." Dkt. No. 18. The court construes this as the plaintiff's motion to amend his complaint a second time to include new information.

      As the court previously explained to the plaintiff, any proposed amendment must include "a copy of his proposed amended complaint as the court's local rules require." Dkt. No. 11 (citing Civil Local Rules 15(a)–(b) (E.D. Wis.)). The plaintiff did not attach to his most recent motion a proposed amended complaint; he only lists the new information he wants to add to his amended complaint. The court could deny the plaintiff's motion to amend for

this reason alone, but the court will address the motion, which mostly seeks to add details but not new claims or defendants.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course" within twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Because the plaintiff already has amended his complaint, he may amend again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts must "freely give leave when justice so requires." Id. Nonetheless, district courts retain discretion whether to allow amendment and may deny the request because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiff first includes the reason why the defendant officers allegedly pulled him over, information that was not included in the amended complaint. Dkt. No. 18 at 1–2. He says the officers pulled him over for "allegedly running a stop sign." Id. The court acknowledges this additional information and will allow the plaintiff to include it in later filings.

The plaintiff next seeks to clarify the relief he is seeking. Id. at 2. He says that he is seeking $5 million in damages and "to have civil battery charges filed against the defendants." Id. The plaintiff does not have a constitutional right to have another person prosecuted. See Wright v. Runyan, 774 F. App'x 311, 312

(7th Cir. 2019) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). And this court has no authority over charging decisions against the officers. See Benedict v. Eau Claire Area Sch. Dist., Case No. 08-CV-667-SLC, 2009 WL 440911, at *1 (W.D. Wis. Feb. 23, 2009) (quoting United States v. Batchelder, 442 U.S. 114, 124 (1979)) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). The court will not allow the plaintiff to proceed on his request for charges to be brought against the officers. The plaintiff's demand for $5 million in damages already is reflected on the court's docket.

The plaintiff next recounts that the court did not allow him to proceed against the City of Milwaukee because he did not allege "'that there was an official policy, widespread custom, or action by an official with policy-making authority that was the moving force behind his constitutional injury.'" Dkt. No. 18 at 2 (quoting Dkt. No. 15 at 8 (Screening Order)). The plaintiff now says that the traffic stop that led to the events of which he complains "was official policy [b]ecause officers reported that the reason for the traffic stop was a stop sign violation, which exceeded the purpose of the stop because officers beat up the plaintiff." Id. at 2–3. The plaintiff has misinterpreted the court's previous order. Although the officers may have stopped him based on an official policy regarding traffic stops for drivers who fail to stop at stop signs, the *constitutional* claims in his lawsuit are that the officers used excessive force on him during the stop and falsely arrested him. Dkt. No. 15 at 6–8. The plaintiff does not allege that the officers *used excessive force* or *unlawfully arrested him*

as a result of an official policy or custom. He clarifies in his motion to amend that those actions "exceeded the purpose of the stop." Dkt. No. 18 at 3. That the officers performed the traffic stop under an "official policy" to stop drivers who violate stop signs does not give rise to liability against the City of Milwaukee. The court will not allow the plaintiff to amend his complaint to include this information.

Finally, the plaintiff contests the court's suggestion that his claims may be untimely. Id. at 3–4. He first recounts that in a different decision from this court, the court stated that a six-year limitation period applied, rather than the three-year limitation period that the court has determined applies in this case. Id. (citing Lamb v. Pleasant Prairie Police Department, *et al.*, 23-cv-614-pp (Apr. 10, 2024)). But the court explained in the Lamb order that in 2018, Wisconsin amended its statute governing the limitation period for personal injury actions, reducing "the limitation period from six to three years." Case No. 23-cv-614-pp, Dkt. No. 17 at 15, n.6. In Lamb, the court explained that because "the plaintiff's allegations date back to 1998 and 1999, . . . it appears that the pre-2018 version of the limitation period applies." Id. The court provided that same information in the previous order in this case and explained that because in *this* case, the plaintiff's allegations are from October 23, 2020, the post-2018, three-year limitation period applies to his claims. Dkt. No. 15 at 9–10 (citing Wis. Stat. §893.54 (2018); and Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018)).

The plaintiff also asserts that he should be entitled to "tolling up to 5 years" because he "suffers from chronic mental health, schizophrenia, social anxiety disorder, paranoid type 1 and 2." Dkt. No. 18 at 3–4. The court will not address this argument because it did not rule that the plaintiff's complaint is untimely. The court opined only that the complaint *may* be untimely filed. If the defendants move to dismiss the complaint on the basis that it is untimely, the plaintiff may raise any defense to that motion, including any tolling defense.

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion for leave to amend his complaint. Dkt. No. 18. The court **GRANTS** the motion to the extent that it will include the plaintiff's allegation that the officers pulled him over for a stop sign violation and his request for $5 million in damages. The court **DENIES** the motion in all other respects.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**