United States District Court
Eastern District of Wisconsin

Johnnie B. Rose,                     Case No. 24-cv-405 P.P.
        Plaintiff
   v.
City of Milwaukee
Josue Ayala, MPD - Defendant
Joshua Hermann, MPD - Defendant

### Motion To Appoint Counsel

The Plaintiff, Johnnie B. Rose, hereby moves this Court to appoint counsel on the following basis:

1). Attached and marked Exhibit A. includes 3 letters to show that the plaintiff has attempted to recruit Counsel but has been unsuccessful. The Plaintiff also attaches a 4th letter that shows he has also attempted to contact the ACLU, who also turned down the plaintiff's request for Representation.

2). The Plaintiff, attaches a letter from

(1)

The Social Security Administration. Which includes that the Plaintiff is diagnosed with serious mental health disorders. Which range from schizophrenia, to memory issues. The Plaintiff suffers from Social Anxiety disorder. Paranoid Type 1 and 2, learning disability's.

The Plaintiff, asserts that the complexity of the above Caption Case, and the ability to represent himself is complication. This case involves an allegation of Law enforcement using unreasonable use of Excessive force. The Plaintiff intends set forth evidence to show that defendants intentionally hindered the process of bringing a 1983 action within the statutory time limits. This is a case that will require expert witness testimony. Doctors will need to be cross examined to explain medical Terminology that requires the assistance of a skilled attorney. The plaintiff will need to gather evidence and will need a private investigator.

The Plaintiff, asserts that he

is currently using portions of his dinner tray to pay jailhouse lawyers to assist him. Some of these jailhouse lawyers are placed into the hold, or transfer, where the Plaintiff is not guaranteed assistance with his case.

The standards for evaluating whether to recruit counsel, if a Plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case — factually and legally — exceeds the particular plaintiff's capacity as a layperson to coherently present it." Pruitt, 503 F.3d at 655. This inquiry does not focus solely on the plaintiff's ability to try his case — it also includes other "task that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions" Id. When ruling on a motion to recruit counsel, the Court should take account of all evidence in the record relevant to the plaintiff's capacity to litigate. The Pruitt analysis

may stem from 28 U.S.C. Stat. 1915 (e)(1) request for counsel but is essentially: "a two-fold inquiry into both the difficulty of the plaintiff claims and the plaintiff's competence to litigate those claims himself" Pruitt, 503 F. 3d, 655. Thus, consideration is given to the complexity of the case and the ability of the petitioner to prosecute without the assistance of an attorney. See Pruitt v. Mote United States Court of appeals, Seventh Circuit | October 03, 2007 | 503 F. 3d. 647 2007 WL 2850448.

The Plaintiff, has provided proof that he has made a reasonable attempt to secure counsel, But has been denied 4 consecutive times. See attached letters.

The Plaintiff has serious mental health impairments, and part of his mental health disorders effect the Plaintiffs memory. When previously filing his Amendment complaint. The plaintiff did not clearly state parts

(4)

of his claim, indicating that the need to appoint counsel will be in the best interest for the court and the plaintiff.

Wherefore, It is Requested that this court grant motion to appoint counsel.

Dated This 26th Day of July 2024

Respectfully Submitted

Johnnie Rose

(5)