# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHNNIE B. ROSE,

      Plaintiff,

v.                                                         Case No. 24-CV-405

JOSHUA HERMANN and
JOSUE AYALA.

      Defendants.

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
## TO DEFENDANTS' MOTION TO DISMISS

## RECORD EVIDENCE

On April 4, 2023, Plaintiff Johnnie Rose filed a prisoner's complaint alleging civil rights claims against the City of Milwaukee, the Milwaukee Fire and Police Commission, and two named officer-defendants, Josue Ayala and Joshua Hermann, arising from a traffic stop on October 23, 2020. (ECF No. 1). Plaintiff's original complaint, as amended and/or supplemented by subsequent filings, was screened pursuant to the Prison Litigation Reform Act ("PLRA") on July 7, 2024. (ECF No. 15) Defendants City of Milwaukee and Milwaukee Fire and Police Commission were dismissed; the U.S. Marshals Service was ordered to serve Defendants Ayala and Hermann. (*Id*.). On August 15, 2024, Defendants Ayala and Hermann filed waivers of service with the Court. (ECF Nos. 21 & 22). Defendants filed a motion to dismiss through counsel-of-record the same day. (ECF No. 27). On September 19, 2024, Plaintiff filed a brief in response attaching several exhibits. (ECF Nos. 32 & 32-1).

Although docketed by the Court as a single, twenty-one-page entry, i.e. ECF No. 32-1, Plaintiff's exhibits are comprised of several distinct documents. Pages 1-8 appear to be mail log details produced by the Ozaukee County Jail. (ECF No. 32-1). Pages 9-12 include two letters from the Milwaukee Fire and Police Commission ("FPC") addressed to the Plaintiff at the Milwaukee Secure Detention Facility. (*Id.*). The first letter, dated August 16, 2024, references an FPC citizen complaint filed on March 17, 2023 concerning the October 23, 2020 incident which is the subject of this lawsuit. (*Id.*). FPC Investigator Mark Banks writes that the disposition letter relative to this complaint was previously mailed to Plaintiff at the Ozaukee County Jail. (*Id.*). The second letter, dated March 31, 2023, and signed by Leon W. Todd, Executive Director of the FPC, is addressed to Inmate Johnnie B. Rose at the Ozaukee County Jail. (*Id.*). It further states that Plaintiff's FPC complaint was dismissed as untimely and indicates that the Milwaukee Police Department had previously investigated the circumstances of his arrest and found no violation of department policies. (*Id.*). Pages 13-15 are a printout of the Milwaukee County Sheriff's Department Booking Sheet related to the October 23, 2020 incident. (*Id.*). Pages 16-21 are the narrative from the MPD Incident Report regarding Plaintiff's arrest. (*Id.*).

The Court may take judicial notice that Plaintiff was convicted of retail theft in Ozaukee County, Case No. 2021-CM-0209 on March 16, 2023.[1] The Wisconsin Circuit Court Access (WCCA) website provides access to public records of the Wisconsin Circuit Courts, including records of convictions and Court Record, i.e. case entries.[2] A bench warrant issued for Johnnie B. Rose for his failure to appear in the Ozaukee County case on October 18, 2021.[3] When the

---

[1] *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CM000209&countyNo=45&index=0&mode=details.

[2] *See* https://wcca.wicourts.gov/policy.html.

[3] *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CM000209&countyNo=45&index=0&mode=details.

warrant was recalled on December 22, 2022, a cash bail was imposed.[4] Upon conviction in the Ozaukee County case, Plaintiff was sentenced to 88 days in custody with credit for 88 days served.[5]

The Court may additionally take judicial notice that Plaintiff was convicted of robbery with force as well as substantial battery in Ozaukee County Case No. 2001-CF-0003 and sentenced to 21 years in state prison on August 22, 2001, with sixteen years to be served and five years of extended supervision thereafter.[6] Plaintiff's extended supervision was revoked and he was sentenced to prison on June 5, 2024.[7]

## ARGUMENT

**I. Plaintiff Has Failed to Show He Was Prevented from Filing Suit Before the Statute of Limitations Expired.**

Plaintiff offers several reasons why his late-filed suit should be allowed to go forward. (ECF No. 32). Plaintiff says that he was unable to go to the Milwaukee County Safety Building in-person because of COVID-19 restrictions, but he also acknowledges that he was able to call and write MPD staff. (*Id*. at pg. 3). Presumably, he was redirected to contact the FPC by MPD staff by telephone or in writing. (*Id*.). Moreover, even if buildings were closed to visitors the record reflects that Plaintiff was unable to visit in person because he was in custody in Ozaukee County.

The Ozaukee County Jail mail logs filed by Plaintiff span from January 9 to March 13, 2023. (ECF No. 32-1, p. 1-8). Plaintiff additionally filed two letters from the FPC. (ECF Nos. 10

---

[4] *See* Id.

[5] *See* id.

[6] *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2001CF000003&countyNo=45&index=0&mode=details.

[7] *See* id.

& 11). Although Plaintiff asserts that the FPC failed to respond to his written requests in March 2023, several months before the statute of limitations expired, the record does not establish that factual proposition. Executive Director Todd's letter dated March 31, 2023, was addressed to Johnnie B. Rose at the Ozaukee County Jail. (ECF No. 32-1, pg. 11). Plaintiff presents no evidence of his mail after March 13, 2023 – including no evidence that he did or did not receive the March 31 letter. He also offers no evidence or argument about the steps he took between March 13 and the expiration of the statutory limitation period to contact the FPC, to follow-up regarding his earlier correspondence, or to update his mailing address. While Defendants do not dispute that Plaintiff sent mail to the FPC three times in March 2023, eight days of activity does not establish diligent efforts throughout the limitation period. (ECF No. 32-1, pg. 6-8).

Finally, as previously addressed in Defendants' initial filing, the FPC complaint process is disciplinary in nature and the Prison Litigation Reform Act ("PRLA") directs that an inmate must exhaust administrative remedies before bringing an action "**with respect to prison conditions**". *See* 42 U.S.C. § 1997e(a) (emphasis supplied). The PRLA does not and did not apply to claims arising from Plaintiff's arrest. As such, the outcome of that investigation was not "vital information" needed to file suit.

The classic equitable tolling circumstance arises when a plaintiff cannot bring a valid suit against identified defendants due to lack of information. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 562 (7th Cir. 1996) ("Application … is appropriate … when a plaintiff has been injured and known he was injured … yet [has] been unable despite all reasonable diligence to learn ... the wrongdoer's identity.") (quotations and citation omitted). This case is not that. The narrative report filed by Plaintiff, *see* ECF No. 32-1, pg. 16-21, identifies the officers who arrested him by name. The heading on those documents suggests that they were printed on

January 4, 2021 – long before October 23, 2023. And, Plaintiff actually did file suit before receiving the April 16, 2024 letter from the FPC demonstrating that he was aware of their identity before then. In short, Plaintiff was not delayed by inaction by MPD or the FPC but rather based on his misunderstanding about what the law required.

The doctrine of equitable tolling is only available when plaintiff "though no fault or lack of diligence on his part" is unable to sue before the statute has run. *Donald*, 95 F.3d at 561. Here, Plaintiff has not established diligent efforts between March 2023 and the end of the statutory period <u>and</u> has not shown that he could not have timely filed suit due to lack of information. He is therefore not entitled to equitable tolling.

WHEREFORE, Defendants respectfully request that all claims brought against them by the plaintiff be dismissed with prejudice as time-barred.

Dated and signed at Milwaukee, Wisconsin this 24th day of September, 2024.

    EVAN C. GOYKE
    City Attorney

    s/Clint B. Muche
    CLINT B. MUCHE
    State Bar No. 1131629
    Assistant City Attorney
    *Attorneys for Defendants*

ADDRESS:
200 E. Wells Street, Suite 800
Milwaukee, WI 53202
(414) 286-2601 – Telephone
(414) 286-8550 – Facsimile
Email: cbmuche@milwaukee.gov

1032-2024-1336/293579