UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNIE B. ROSE,

    Plaintiff,

v.    Case No. 24-cv-405-pp

JOSUE AYALA
and JOSHUA HERMANN,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 41) AND DENYING PLAINTIFF'S MOTION TO OFFER VERIFICATION OF MENTAL HEALTH ILLNESS (DKT. NO. 50)**

    On December 23, 2024, the court granted the defendants' motion to dismiss this case as untimely and entered judgment. Dkt. Nos. 39, 40. The court explained that it had highlighted as early as the July 7, 2024 screening order that the plaintiff's "amended complaint might be untimely under Wisconsin's three-year limitation period because the court 'did not receive the plaintiff's complaint until April 3, 2024,' more than three years after the events that the plaintiff alleged occurred on October 23, 2020." Dkt. No. 39 at 2 (quoting Dkt. No 15 at 9–10). The court also recounted that it had denied the plaintiff's request to amend his complaint a second time to "add defenses to untimeliness." Id. (citing Dkt. No. 18). Among the defenses the plaintiff sought to raise was his assertion "that he should be entitled to 'tolling up to 5 years' because he 'suffers from chronic mental health, schizophrenia, social anxiety disorder, paranoid type 1 and 2.'" Dkt. No. 19 at 5 (quoting Dkt. No. 18 at 3–4).

The court said that it did not allow the plaintiff to amend to add the untimeliness defenses and explained "that "[i]f the defendants move to dismiss the complaint on the basis that it is untimely, the plaintiff may raise any defense to that motion, including any tolling defense.'" Dkt. No. 39 at 2–3 (quoting Dkt. No 19 at 5).

The defendants did move to dismiss the amended complaint as untimely, contending that "the plaintiff's claims are time-barred 'unless the statute was equitably tolled.'" Id. (quoting Dkt. No. 27 at 2). The plaintiff raised "several arguments in opposition to the defendants' motion to dismiss," id. at 4, but he did not repeat that he suffers from mental-health issues that entitled him to tolling. The court did not consider the plaintiff's sur-reply when ruling on the defendants' motion to dismiss because the plaintiff "did not ask the court's permission before filing it." Id. at 8–9 (citing Dkt. No. 34). But the sur-reply also says nothing about the plaintiff's mental-health issues as a ground for equitable tolling of the filing deadline. In its December 23, 2024 order, the court did consider letters the plaintiff had filed in which he provided additional information in support of his opposition to the defendant's motion. Id. at 9–10 (citing Dkt. Nos. 36, 38). Those letters say nothing about the plaintiff's schizophrenia and other mental-health conditions.

The court concluded that the plaintiff was not entitled to equitable tolling based on what he contended were late responses from the City of Milwaukee Fire and Police Commission providing him the names of the officers he wanted to sue. Id. at 14–16. The court also rejected the plaintiff's assertion that he was

entitled to tolling based on the COVID-19 pandemic. Id. at 16–17. The court granted the defendants' motion and dismissed the case with prejudice. Id. at 17–18. Because the court granted the defendants' motion to dismiss, it denied the plaintiff's motion to appoint counsel as moot. Id. (citing Dkt. No. 20).

On January 8, 2025, the court received the plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. No. 41. The plaintiff asserts that he was entitled to tolling under Wis. Stat §893.16(1) because he "was mentally ill at the time of injury and continues to be mentally ill."[1] Id. at 1. He says that "although he did not cite Wis. Stat. 893.16(1), the court must take into consider [sic] that the plaintiff when filing his motion to appoint counsel did assert to this court that he suffers from multiple mental illnesses including schizophrenia." Id. at 2. He says that he "has just been informed of Wis. Stat. 893.16(1)" and would have cited it earlier "had he become aware of this statute." Id. He asserts that the court "should have ordered a psychiatric evaluation to investigate the plaintiff's assertions within his motion to appoint counsel." Id. He says that he has undergone "test [sic] and evaluations that note that the plaintiff is incapable of assisting himself." Id. The plaintiff states that he was "represented by a disability attorney over the last two years," which "suggests that he is incapable of representing himself." Id. He says that he received treatment at psychiatric hospitals and was

---

[1] The plaintiff says he has been "clinically diagnoses [sic] with Mental Retardation." Dkt. No. 41 at 1. The court will use the term "intellectual disability" to refer to this condition. See Hall v. Florida, 572 U.S. 701, 704–05 (2014) (noting the change in terminology).

diagnosed with schizophrenia in 1992 and with an intellectual disability in 2005. Id. He says that his conditions are not curable. Id. at 3. He asserts that because of his disabilities, and under §893.16(1), he is "entitled to 5 years tolling." Id. at 4.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment to correct a manifest error of law or fact or to consider newly discovered evidence. See Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021) (citing Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" Vesey, 999 F.3d at 463 (quoting Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015)).

The plaintiff's motion does not satisfy this standard. The plaintiff has not asserted that the court committed a manifest error of law or fact when granting the defendants' motion to dismiss. He does not suggest that the court misinterpreted his arguments or misapplied the law. Nor does he introduce newly discovered evidence that he could not have brought earlier as grounds for equitable tolling. Instead, he says that he should be entitled to equitable tolling based on his mental illnesses and disabilities. This is not newly discovered information. The plaintiff says he was diagnosed with his conditions in 1992 and

2005. He also previously had asserted that he should be entitled to tolling based on his "chronic mental health" issues. Dkt. No. 18 at 3–4. The court told the plaintiff that if the defendants moved to dismiss, he could "raise any defense to that motion, including any tolling defense." Dkt. No. 19 at 5. But he did not reassert his mental conditions as a reason to deny the defendants' motion to dismiss. He said nothing about those issues in his response in opposition to the defendants' motion. Nor did he raise it in his sur-reply or in his additional letters in support of his response. The plaintiff cannot seek to amend or alter the judgment based on this reintroduced argument that he could have and should have raised in response to the defendants' motion to dismiss. See Anderson v. Flexel, Inc., 47 F.3d 243, 247 (7th Cir. 1995) (citing cases for long-standing proposition that "post-judgment motions cannot be used to raise arguments or legal theories that could have been and should have been brought before judgment").

  The plaintiff asserts that the court should grant his motion because he "has just been informed" about Wis. Stat. §893.16(1). Dkt. No. 41 at 2. He says that "had he become aware of this statute earlier he would have cited" it. Id. That the plaintiff only recently learned about this (not new) statute does not state a ground to alter or amend the judgment. See Anderson, 47 F.3d at 247. Even if it did, the plaintiff's statement about when he first learned about §893.16(1) is provably false. The plaintiff first raised his mental-health issues as a ground for equitable tolling in July 2024, in his second motion to amend the complaint. Dkt. No. 18. In that motion, the plaintiff wrote, "Wisconsin also

5

provides for tolling up to 5 years if the plaintiff was 'mentally ill' when the injury occurred and continues to be mentally ill. Wis Stat. 893.16(1)." Id. at 3. This earlier filing shows not only that the plaintiff was aware seven months ago that he could raise his mental-health issues as grounds for equitable tolling, but that he also knew that Wis. Stat. §893.16 provided a basis for that argument.

The plaintiff asserts that he raised the issue of his mental illness in his motion to appoint counsel. The court did not discuss that motion at length in the December 23, 2024 order because it was granting the defendants' motion to dismiss the case, so the plaintiff's request for counsel was moot. It was not the court's job to search for and extract legal arguments from the plaintiff's past filings and consider whether they might also apply to the defendant's motion to dismiss. The plaintiff was responsible for raising all the arguments he had in opposition to the defendants' motion to dismiss in his response to *that* motion. See Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999) (explaining that judges are not obligated to "do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning"). The plaintiff "effectively abandon[ed]" and therefore forfeited his argument for equitable tolling based on his mental illness "by not addressing it in his response to the motion" to dismiss. Braun v. Village of Palatine, 56 F.4th 542, 553 (7th Cir. 2022) (quoting Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011)); see also Lekas v. Briley, 405 F.3d 602, 614 (7th Cir. 2005) (finding that plaintiff forfeited retaliation claim where he "did

6

not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss" even though he raised the claim earlier).

Even if the court were to consider the plaintiff's belated assertion that he is entitled to tolling because of his mental illness, he has not presented any evidence showing that his illness kept him from timely bringing this lawsuit. The plaintiff cites <u>Miller v. Runyon</u>, 77 F.3d 189 (7th Cir. 1996) in support of his argument, asserting that his intellectual disability "is an extraordinary circumstance for equitable tolling." Dkt. No. 41 at 1. But <u>Miller</u> does not say that intellectual disability, on its own, creates a basis for equitable tolling. It instead reaffirms "the traditional rule that mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." <u>Miller</u>, 77 F.3d at 191 (citing cases from other jurisdictions). The plaintiff has introduced no evidence showing that he suffers from schizophrenia or an intellectual disability *and* that those conditions prevented him from timely filing his complaint. The plaintiff cites a letter from the State of Wisconsin Department of Health Services that confirms that the plaintiff "is receiving disability benefits due to" conditions including schizophrenia and learning disabilities (but not intellectual disability). Dkt. No. 20-2 at 4. But the plaintiff attached this letter to his motion to appoint counsel, not to his response to the defendants' motion to dismiss. The letter also does not detail the plaintiff's conditions or their severity or symptoms. That the

7

plaintiff has these conditions does not also mean they rendered him unable to meet deadlines and prosecute his lawsuit.

The plaintiff's filings belie his assertion that he was (and remains) incapable of representing himself. His complaint thoroughly detailed his allegations against the defendants, and he filed a more detailed amended complaint before the court screened his initial one. He then vigorously opposed the motion to dismiss, citing cases in support of his arguments and attaching exhibits documenting his efforts to file a citizen complaint before bringing a federal lawsuit. He now has brought a timely motion to amend or alter the judgment, which cites the correct federal rule and presents detailed arguments in support. Nothing about the plaintiff's filings suggests that he is or was incapable of following deadlines and litigating this case himself, just as nothing in his opposition to the defendants' motion to dismiss suggested he was incapable of timely bringing this lawsuit within the three-year limitations period.

On February 10, 2025, the plaintiff filed a "motion to offer verification of mental health illness pursuant to Wis. Stat. 893.16(1)." Dkt. No. 50. The plaintiff attached what he says is "a professional opinion and diagnosis record which details that his mental health conditions are not curable." Id. at 1. His attached exhibits include a "Psychological Service Clinical Contact Report" dated February 25, 2005; a "Multiaxial Evaluation report" from the same date; and psychological services clinical reports from January and April 2005. Dkt. No. 50-2. The plaintiff alternatively says the court could order a psychiatric evaluation to develop evidence about his mental illnesses.

The plaintiff's exhibits, like the information in his motion to amend or alter the judgment, are newly presented—but not newly *discovered*—evidence. That information or a psychiatric evaluation could confirm the plaintiff's mental-health conditions. But even if they would, it is too late for the plaintiff to introduce this information or request an evaluation. The time for the plaintiff to seek a psychiatric evaluation or otherwise develop his argument for equitable tolling because of his mental conditions was in response to the defendants' motion to dismiss. He failed to say anything about his conditions then, and he has given no reason why he did not and could not have. A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996).

The court finds that the plaintiff has not presented extraordinary grounds for amending or altering the judgment dismissing this case as untimely. The plaintiff's own filings show that he knew, well before the defendants moved to dismiss this case, that he could seek equitable tolling under state law based on his mental illnesses, but he failed to raise that basis for equitable tolling in any of his materials in response to their motion. Nothing in the record supports his belated argument that his mental conditions prevented him from timely filing and litigating this lawsuit. The court will deny his motion to alter or amend the judgment.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 41.

The court **DENIES** the plaintiff's motion to offer verification of mental health illness. Dkt. No. 50.

Dated in Milwaukee, Wisconsin this 13th day of February, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**